```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

------------------------------x
                              :
CANDICE CLARK,                :
                              :
          Plaintiff,          :
                              :
v.                            : Civil No. 3:06CV01549(AWT)
                              :
DRUMMER BOY AUTO SALES, LLC   :
and BEST CHANCE AUTO FINANCE, :
LLC,                          :
                              :
          Defendants.         :
                              :
------------------------------x
```

### ENDORSEMENT ORDER

The defendants have moved to dismiss the plaintiff's complaint or in the alternative, for a more definite statement. The motion to dismiss is being denied, but the motion for a more definite statement is being granted in part.

The defendants argue that the plaintiff's claims are barred by the doctrines of res judicata and collateral estoppel as a consequence of the action the plaintiff brought in the Connecticut Superior Court, Small Claims Session against Frank Venegoss, Sr., who serves as the agent for service of process for both defendants in this action. The court agrees with the analysis set forth in the Plaintiff's Memorandum Opposing Rules 8, 12 Motions (Doc. No. 11) with respect to the defendants' arguments based on res judicata and collateral estoppel. Accordingly, the defendants' motion to dismiss is being denied.

The defendants' motion for a more definite statement is

being granted in part. In <u>Pullen v. Northstar Presidio Management Company</u>, the court explained that:

> A more definite statement is appropriate if a complaint is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading. . . . A motion for a more definite statement should not be granted, however, if the complaint complies with Rule 8 of the Federal Rules of Civil Procedure, which requires a mere short and plain statement of the claim showing that the pleader is entitled to relief, and which does not require technical forms of pleadings. It follows, then, that the aim of Rule 12(e) is to remedy unintelligible pleadings, not to correct for lack of detail. . . . Furthermore, because motions for more definite statements tend to delay and add little that discovery cannot provide, they are generally disfavored.

No. 3:98CV771(WWE), 1998 WL 696010, at *1 (D. Conn. Sept. 11, 1998) (citations and quotation marks omitted); <u>see also</u> <u>Zuppe v. Elite Recovery Services, Inc.</u>, No. 3:05CV957(JBA), 2006 WL 47688, at *2 (D. Conn. Jan. 5, 2006) ("Defendant's argument that the language of the complaint stating that the violations are 'not limited to' those that are listed in the enumerated counts is best addressed through discovery, where defendant may ascertain from plaintiff the full extent of her legal and factual contentions, and plaintiff will have an ongoing duty to respond as discovery progresses.").

After careful consideration of the allegations in the Complaint, the court concludes that the defendants are not entitled to a more definite statement with respect to the plaintiff's claims under TILA, the UCC, RIFSA, or CUTPA. However, the court concludes that the defendants are entitled to

a more definite statement with respect to any claim for "breach of contract or violation of the common law" and any claim for relief in the form of a declaratory judgment or an injunction.

Accordingly, the defendants' Motion to Dismiss is hereby DENIED (Doc. No. 9) and alternative Motion for More Definite Statement (Doc. No. 9) is hereby GRANTED in part.  An Amended Complaint shall be filed by no later than March 30, 2007.

It is so ordered.

Dated this 9th day of March 2007 at Hartford, Connecticut.

/s/AWT
Alvin W. Thompson
United States District Judge
